### FARMER v. BOXAR TOOL & MFG. CO.
#### No. 9470.

Circuit Court of Appeals, Seventh Circuit.

May 11, 1948.

Frank A. Whiteley, of Minneapolis, Minn., and Richard R. Trexler, of Chicago, Ill., for appellants.

Horace Dawson and Dawson, Ooms, Booth & Spangenberg, all of Chicago, Ill., for appellees.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

On September 3, 1946, plaintiffs charged the defendants with unfair competition with respect to the formers' "toy construction set," which was placed on the market by plaintiffs under the name "Buildo," which name, since February 5, 1946, was plaintiffs' registered trademark, No. 419,-231. On April 14, 1947, plaintiffs amended their original complaint by charging that their trademark "Buildo" was infringed by defendants' trademark "Construct-O-Craft." On November 26, 1946, the same plaintiffs charged the same defendants, by separate action, with infringement of the formers' patent, No. 2,410,409, relating to disk structures.

The defendants denied the material allegations of both complaints, including infringement, and admitted jurisdiction of the subjectmatter and the parties. In the first cause the defendants filed a counterclaim in which they alleged that plaintiffs, well knowing that they have no just claim against defendants, filed the first action for the purpose of intimidating defendants' dealers, agents and customers, and are threatening them with similar suits for the object and purpose of destroying defendants' business, wherefore defendants ask for a restraining order, pendente lite, and that plaintiffs be perpetually enjoined from such further acts. In the second cause defendants pleaded invalidity and non-infringement of each of the two claims of the patent.

The two suits were consolidated for trial and as such they are here on appeal. The court found the facts specially. It concluded as matters of law that defendants were

not guilty of unfair competition or infringement of either the trademark or the patent and that the claims of the patent were void because the disclosures of the patent did not amount to invention. It further concluded that defendants should not recover on their cross complaint, and that defendants should recover their costs against plaintiffs in both cases. Judgment was rendered accordingly and from that judgment this appeal is prosecuted.

The issues here raised are basically questions of fact. The District Court, we think, has set them forth tersely and correctly in its findings. They are fully supported by evidentiary facts, and, in turn, the conclusions of law are fully and correctly supported by the ultimate facts so found. Under such circumstances, commercial success, if any, cannot overcome the determination of the District Court as to validity, infringement or unfair competition.

Decree affirmed.